IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BARTHOLOMEW B. JONES | : | |
| Plaintiff | : | |
| vs. | : | NO. 5:05-CV-169 (CAR) |
| MENAGE A' TROIS, DOWN LOW MODELS AND PUBLICATIONS, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## RECOMMENDATION OF DISMISSAL

Plaintiff **BARTHOLOMEW B. JONES** filed the above-styled *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action his request to proceed *in forma pauperis* is **GRANTED**.

*I. STANDARD OF REVIEW*

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

1

In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

## II.  DISCUSSION

In any § 1983 action, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present.  First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

Plaintiff has failed to satisfy these requirements because he has not shown that the deprivation of his constitutional rights was committed by a person acting under color of state law. The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995);  *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). The dispositive issue is whether the defendant was acting pursuant to the power he possessed by state authority, or whether he was acting only as a private individual. *Edwards*, 49 F.3d at 1523, quoting *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961).  Plaintiff has not claimed that either Manage A Trois or Down Low Models and Publications are a state employees or possessed power by virtue of its relationship with the state.

## III.  CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the within action be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 24th day of JUNE, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE